# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANITA LAUBER**, | )<br>) |
| Plaintiff, | ) Case No.: 2018 CV 6433<br>) |
| -vs- | ) Judge:<br>) |
| **TARGET CORPORATION** | ) Magistrate Judge:<br>) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. §1441, et seq. and 28 U.S.C. § 1332,* Defendant, **TARGET CORPORATION**, by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No.: 2018 L 009134, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. This action is being removed to federal court based upon the diversity of citizenship of the parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2. On or about August 23, 2018, Plaintiff, Anita Lauber, initiated the above captioned lawsuit by the filing of a Complaint entitled *Anita Lauber v. Target Corporation,* Docket No. 2018 L 009134, in the Circuit Court of Cook County, Illinois. *A copy of the Complaint at Law and summons are attached hereto as Exhibit "A", and incorporated herein by reference.*

3. On or about August 23, 2018, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. *A copy of said Summons is attached hereto, labeled Exhibit "B", and incorporated herein by reference.*

3. Service was obtained on Target Corporation's registered agent on September 5, 2018.

4. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a) Plaintiff, Anita Lauber, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b) Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c) According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is in an amount in excess of the Court's minimal jurisdictional limit of $50,000.00. Plaintiff, Anita Lauber, claims to have suffered severe and permanent bodily injury and great pain and anguish. She alleges that she will continue to suffer in the future. She claims she has expended and become liable for large sums of money for medical care and services and will continue in the future to expend money for medical care and services because of her injuries. (Ex. A, para. 10). Such allegations are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. 2010*),* a copy of which decision is attached hereto as Exhibit "C";

(d) Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e) This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division, within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f) This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. §1441(a)*.

5. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION,** respectfully requests that this case proceed before this Court as an action properly removed.

                        Respectfully submitted,

                        JOHNSON & BELL, LTD.

                        By:    /s/Robert M. Burke
                                One of the Attorneys for the Defendant, Target Corporation

Robert M. Burke, #6187403
JOHNSON & BELL, LTD.
Attorneys for Defendant
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

FILED
8/23/2018 10:44 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 8/23/2018 10:44 AM 2018L009134

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANITA LAUBER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case Number: **2018L009134** |
| | ) ) ) |
| TARGET CORPORATION | ) ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANITA LAUBER, by and through her attorneys, THE KRYDER LAW GROUP, LLC, and complains of the Defendant, TARGET CORPORATION, as follows:

1. On June 17, 2017, Defendant, TARGET CORPORATION, owned, operated, maintained and/or controlled the premises located at 6150 West Touhy Avenue in the city of Niles, county of Cook, state of Illinois.

2. On or about June 17, 2017, Plaintiff, ANITA LAUBER, was lawfully on the premises of the property located at 6150 West Touhy Avenue in the city of Niles, county of Cook, state of Illinois.

3. On the above date and time, Plaintiff, ANITA LAUBER, slipped and fell on a wet spot located on the floor within the Defendant's aforementioned property.

4. At all times material to this matter, Defendant, TARGET CORPORATION, was responsible for ensuring that the floors were clean, dry, and free from any liquids.



EXHIBIT A

5.  Defendant, TARGET CORPORATION, knew or should have known that its failure to adequately maintain the floors so as to provide a safe manner of passage in its property would create a dangerous condition for those patrons lawfully on the property.

6.  At all times material, the Plaintiff, ANITA LAUBER, was lawfully on the premises and free from contributory fault.

### COUNT I – ANITA LAUBER V. TARGET CORPORATION

7.  Plaintiff re-alleges and incorporates paragraphs 1- 6 as though fully set forth herein.

8.  At all times material to this matter, Defendant, TARGET CORPORATION, had a duty to keep the property in a safe condition for those lawfully on the premises.

9.  Defendant, TARGET CORPORATION, breached this duty in one or more of the following ways:

    a)  Negligently left the floor wet;

    b)  Negligently failed to ensure a safe manner of ingress and egress for those lawfully on its property;

    c)  Negligently operated, managed, maintained, inspected and/or controlled the property;

    d)  Negligently and knowingly allowed the premises to remain in an unsafe condition, knowing or where they should have known in the exercise of reasonable care it would create a dangerous condition to those lawfully on the premises;

    e)  Negligently and knowingly failed to post proper warnings of the dangerous condition that existed, knowing or where they should have known in the exercise

FILED DATE: 8/23/2018 10:44 AM 2018L009134

FILED DATE: 8/23/2018 10:44 AM  2018L009134

of reasonable care that such warning was necessary to ensure the safety of those lawfully on the premises;

f) Failed to follow its policies and procedures for cleaning of the premises;

g) Was otherwise careless or negligent.

10. As a direct and proximate result of one or more of the aforesaid careless and negligent acts/and or omissions of Defendant, TARGET CORPORATION, the Plaintiff, ANITA LAUBER, sustained severe and permanent bodily injury. Further, Plaintiff has suffered great pain and anguish and will in the future, continue to suffer. Plaintiff further expended and became liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ANITA LAUBER, demands judgment against the Defendant, TARGET CORPORATION, individually in a sum greater than $50,000.00 plus costs and any other relief this Court deems fair and just.

Respectfully Submitted:

By: _____
Plaintiff's Attorney

The Kryder Law Group, LLC
134 N. LaSalle St., Ste. 1515
Chicago, IL 60602
(312) 223-1700
Attorney No.: 38274

FILED
8/23/2018 10:44 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 8/23/2018 10:44 AM 2018L009134

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ANITA LAUBER

(Name all parties)

v.

TARGET CORPORATION

Case No. 2018L009134

Please Serve • Target Corporation
R/A: CT Corporation System
208 S. LaSalle Suite 814
Chicago, IL 60604

☒ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3



EXHIBIT B

**Summons - Alias Summons** (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 38274

Atty Name: THE KRYDER LAW GROUP

Atty. for: PLAINTIFF

Address: 134 N. LASALLE SUITE 1515

City: CHICAGO

State: IL  Zip: 60602

Telephone: 312-223-1700

Primary Email: INFO@KRYDERLAW.COM

Witness: _____

8/23/2018 10:44 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 8/23/2018 10:44 AM 2018L009134

Case: 1:18-cv-06433 Document #: 1 Filed: 09/21/18 Page 9 of 13 PageID #:9

FILED DATE: 8/23/2018 10:44 AM  2018L009134

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ◉ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 3

Case: 1:18-cv-06433 Document #: 1 Filed: 09/21/18 Page 10 of 13 PageID #:10



*028696 49*

**DOC.TYPE:** LAW
**CASE NUMBER:** 2018L009134
**DEFENDANT**
TARGET CORPORATION
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**DIE DATE**
09/16/2018

**SERVICE INF**
RM 801 RA.C
SYSTEM

**ATTACHED**

No *Shepard's* Signal™
As of: March 20, 2018 2:22 PM Z

## *Varkalis v. Werner Co.*

United States District Court for the Northern District of Illinois, Eastern Division

August 18, 2010, Decided; August 18, 2010, Filed

No. 10 C 03331

**Reporter**
2010 U.S. Dist. LEXIS 84870 *; 2010 WL 3273493

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

## Core Terms

removal, notice, amount in controversy, days, original complaint, diverse

**Counsel:** [*1] For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL.

**Judges:** Blanche M. Manning, United States District Judge.

**Opinion by:** Blanche M. Manning

## Opinion

### MEMORANDUM AND ORDER

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

### I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

### II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, [*2] breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to [*3] admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010,

Robert Burke



2010 U.S. Dist. LEXIS 84870, *3

the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

### III. ANALYSIS

#### A. Standard for Removal

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. Disher v. Citigroup Global Mkts., Inc., 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. See, e.g., Benson v. SI Handling Systems, Inc., 188 F.3d 780, 782 (7th Cir. 1999)(citing [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. Mortgage Elec. Registration Sys. v. Rothman, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

#### B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

---

[1] It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. See 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the *ad damnum* in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. Height v. Southwest Airlines, Inc., No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); Abdishi v. Phillip Morris, Inc., No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. RBC Mortgage Comp. v. Couch, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(citing McCoy v. GMC, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its *ad damnum* clause." Gallo v. Homelite Consumer Prods., 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the

---

remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

Robert Burke

"plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters., No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006)*. See also *RBC Mortgage Co., 274 F. Supp. 2d at 969* (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000)(citation omitted); *McCoy, 226 F. Supp. 2d at 941* (the 30-day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdiction[al] amount").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the [*8] defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *7* ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). See also *Huntsman Chem. Corp. v. Whitehorse Techs., No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)*(citing *Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (D.C. Mich. 1979)*("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

## IV. CONCLUSION

For the reasons stated [*9] above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

---

[2] The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

**ENTER: August 18, 2010**

/s/ Blanche M. Manning

**Blanche M. Manning**

**United States District Judge**

End of Document

Robert Burke